

FILED

FEB 18 2004

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE COAR

MAGISTRATE JUDGE SIDNEY I. SCHENKIER

| UNITED STATES OF AMERICA | ) | No. 04CR 179 |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | Violations: Title 18, |
| MICHAEL SIMONE and | ) | United States Code, |
| JEFFERY LAVERY | ) | Sections 2, 1341, and 1346 |

COUNT ONE

The SPECIAL SEPTEMBER 2002 GRAND JURY charges:

1. At times material to this indictment:

(a) Tishman Speyer Properties ("Tishman Speyer") was a New York-based property management firm. Tishman Speyer managed commercial properties in Chicago, including the office buildings located at 233 North Michigan Avenue, 55 East Monroe Street, and 500 West Monroe Street, among other places. The costs and expenses of managing these buildings were paid out of separate accounts maintained by Tishman Speyer in New York, which accounts were funded jointly by Tishman Speyer and the owners of the buildings ("building owners").

(b) Defendant MICHAEL SIMONE was employed by Tishman Speyer as a construction manager. As a construction manager, defendant MICHAEL SIMONE was responsible for, among other things, managing and overseeing construction projects in various commercial buildings for Tishman Speyer. Defendant MICHAEL SIMONE owed a duty to provide honest services to Tishman Speyer.

(c) Defendant JEFFERY LAVERY was an owner and officer of Advanced Fire and Security Systems, Inc. ("Advanced Fire"), a company engaged in the business of installing fire detection and security systems in buildings.

2. From at least November 2000 through at least October 2001, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHAEL SIMONE and
JEFFERY LAVERY,

defendants herein, devised, intended to devise, and participated in a scheme to defraud Tishman Speyer and the building owners of money, property, and their intangible right to honest services, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations, and promises. More specifically, defendants MICHAEL SIMONE and JEFFERY LAVERY schemed to defraud and to obtain money from Tishman Speyer and the building owners through the submission of invoices which were inflated or which sought payment for services that were never performed. As described in more detail below, defendant MICHAEL SIMONE solicited certain building contractors to submit inflated invoices to him; caused Tishman Speyer to make payment on the contractors' inflated invoices; and then directed the contractors to use a portion of the proceeds of the inflated invoices to make payments to defendant JEFFERY LAVERY's company. Defendants MICHAEL SIMONE and JEFFERY LAVERY then converted the fraudulently-obtained funds to their own use, in an amount totaling at least $135,000.

3. It was part of the scheme that defendant MICHAEL SIMONE requested a

building contractor ("Contractor A") to submit invoices to him, seeking payment from Tishman Speyer for work which had never been performed. As directed by defendant MICHAEL SIMONE, Contractor A submitted six invoices, each dated October 20, 2000, which charged Tishman Speyer a total amount of $46,500 for heating/ventilating/air conditioning work on six different floors of the office building located at 233 North Michigan Avenue, Chicago, Illinois, when in fact no such work had been performed. Knowing that Contractor A had not performed the work billed in those invoices, defendant MICHAEL SIMONE approved, or caused Tishman Speyer to approve, payment of the invoices.

4. It was further part of the scheme that defendants MICHAEL SIMONE and JEFFERY LAVERY caused a large portion of the proceeds of Contractor A's invoices, specifically, the amount of $35,330, to be diverted to defendant JEFFERY LAVERY's company, Advanced Fire. First, defendant JEFFERY LAVERY submitted an invoice dated November 28, 2000 to defendant MICHAEL SIMONE, seeking payment from Tishman Speyer in the amount of $35,330 for work allegedly performed by Advanced Fire in the office building located at 55 East Monroe Street, Chicago, Illinois, when in fact no such work had been performed. Knowing that Advanced Fire had not performed the work billed in the $35,330 invoice, defendant MICHAEL SIMONE directed Contractor A to pay the invoice. Contractor A agreed to pay the invoice, having previously received funds from Tishman Speyer in payment of the invoices referred to in paragraph 3 above. As directed by

defendant MICHAEL SIMONE, Contractor A issued a check in the amount of $35,330 payable to Advanced Fire. That check was deposited, or caused to be deposited, into Advanced Fire's bank account by defendant JEFFERY LAVERY.

5. It was further part of the scheme that defendant MICHAEL SIMONE made arrangements to have another building contractor ("Contractor B") submit an inflated invoice to him, seeking payment from Tishman Speyer for work allegedly completed by Contractor B in the office building located at 500 West Monroe Street, Chicago, Illinois. Contractor B submitted an invoice, dated November 17, 2000, seeking payment from Tishman Speyer in the amount of $85,463, which invoice was inflated by the amount of approximately $35,600 at defendant MICHAEL SIMONE's direction. Defendant MICHAEL SIMONE approved, or caused Tishman Speyer to approve, payment of that inflated invoice to Contractor B.

6. It was further part of the scheme that defendants MICHAEL SIMONE and JEFFERY LAVERY sought to divert the proceeds of Contractor B's inflated invoice, specifically, the sum of $35,600, to Advanced Fire. Defendant JEFFERY LAVERY first submitted a fraudulent invoice to defendant MICHAEL SIMONE, which invoice was dated November 28, 2000 and which sought payment from Tishman Speyer in the amount of $35,600 for work allegedly performed by Advanced Fire in the office building located at 233 North Michigan Avenue, Chicago, Illinois, when in fact no such work had been performed. Knowing that Advanced Fire had not performed the work billed in that $35,600 invoice, defendant MICHAEL SIMONE requested Contractor B to pay the invoice. Contractor B

agreed to pay the invoice, since Contractor B had previously submitted an invoice to Tishman Speyer that was inflated by the amount of $35,600 at defendant MICHAEL SIMONE's direction as described in paragraph 5 above. Defendant JEFFERY LAVERY then submitted an invoice to Contractor B, dated December 20, 2000, seeking payment from Contractor B in the amount of $35,600. Contractor B paid that invoice, issuing a check payable to Advanced Fire in the amount of $35,600. That check was deposited, or caused to be deposited, into Advanced Fire's bank account by defendant JEFFERY LAVERY.

7. It was further part of the scheme that defendant MICHAEL SIMONE requested Contractor B to submit another invoice to him, which invoice was either inflated or sought payment from Tishman Speyer for work that had not been performed. At defendant MICHAEL SIMONE's direction, Contractor B submitted an invoice, dated April 25, 2001, seeking payment from Tishman Speyer in the amount of $64,871 for work allegedly performed at the 233 North Michigan Avenue building. As defendant MICHAEL SIMONE well knew, no such work had been performed by Contractor B. Defendant MICHAEL SIMONE approved, or caused Tishman Speyer to approve, payment of the invoice to Contractor B.

8. It was further part of the scheme that defendants MICHAEL SIMONE and JEFFERY LAVERY caused almost all of the proceeds of Contractor B's $64,871 invoice, specifically, the sum of $64,500, to be diverted to Advanced Fire. Defendant JEFFERY LAVERY issued an invoice from Advanced Fire to Contractor B, dated July 31, 2001,

seeking payment in the amount of $64,500, knowing that no services had been provided by Advanced Fire to Contractor B as billed in the invoice. Contractor B paid Advanced Fire's $64,500 invoice at the request of defendant MICHAEL SIMONE, having previously received funds from Tishman Speyer in payment of the invoice referred to in paragraph 7 above. At defendant MICHAEL SIMONE's direction, Contractor B issued a check payable to Advanced Fire in the amount of $64,500. That check was deposited, or caused to be deposited, into Advanced Fire's bank account by defendant JEFFERY LAVERY.

9. It was further part of the scheme that defendants MICHAEL SIMONE and JEFFERY LAVERY used funds that they had caused to be diverted from Tishman Speyer to Advanced Fire to pay certain personal expenses, such as vacation trips to Canada, Costa Rica, and Las Vegas, Nevada; concert tickets; a fishing boat; and the costs of constructing and furnishing a vacation cabin in Minnesota. Defendant JEFFERY LAVERY paid those personal expenses with checks written against Advanced Fire's bank account, including a $30,000 check which was made payable to defendant MICHAEL SIMONE. Defendant JEFFERY LAVERY used a ledger, captioned "Minnesota Cabin Fund," to keep track of the amount of money that he was depositing from the fraud scheme and withdrawing from Advanced Fire's account to pay the personal expenses that he and defendant MICHAEL SIMONE had incurred, as described above.

10. It was further part of the scheme that defendants MICHAEL SIMONE and JEFFERY LAVERY concealed, misrepresented, and hid from Tishman Speyer and the

building owners, and caused to be concealed, misrepresented, and hidden from Tishman Speyer and the building owners, the existence of the scheme, the purposes of the scheme, and the acts done in furtherance of the scheme.

11. On or about October 20, 2000, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHAEL SIMONE and
JEFFERY LAVERY,

defendants herein, for the purpose of executing the scheme described above, and attempting to do so, knowingly caused a package to be delivered by FedEx, a commercial interstate carrier, according to the direction thereon, from the offices of Tishman Speyer at 500 West Monroe Street, Suite 2700, Chicago, Illinois 60661, to the offices of Tishman Speyer at 520 Madison Avenue, New York, New York 10022, which package contained six invoices from Contractor A, seeking payment from Tishman Speyer in the total amount of $46,500;

In violation of Title 18, United States Code, Sections 2, 1341, and 1346.

COUNT TWO

The SPECIAL SEPTEMBER 2002 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates herein by reference the allegations in paragraphs 1 through 10 of Count One of this indictment.

2. On or about November 17, 2000, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHAEL SIMONE and
JEFFERY LAVERY,

defendants herein, for the purpose of executing the scheme described in Count One, and attempting to do so, knowingly caused a package to be delivered by FedEx, a commercial interstate carrier, according to the direction thereon, from the offices of Tishman Speyer at 500 West Monroe Street, Suite 2700, Chicago, Illinois 60661, to the offices of Tishman Speyer at 520 Madison Avenue, New York, New York 10022, which package contained an invoice from Contractor B, seeking payment from Tishman Speyer in the amount of $85,463;

In violation of Title 18, United States Code, Sections 2, 1341, and 1346.

COUNT THREE

The SPECIAL SEPTEMBER 2002 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates herein by reference the allegations in paragraphs 1 through 10 of Count One of this indictment.

2. On or about November 30, 2000, at Hillside, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHAEL SIMONE and
JEFFERY LAVERY,

defendants herein, for the purpose of executing the scheme described in Count One, and attempting to do so, knowingly caused a $81,600 check to be delivered by mail, according to the direction thereon, from the offices of Tishman Speyer at 520 Madison Avenue, New York, New York 10022, to the offices of Contractor A at 4150 Litt Drive, Hillside, Illinois 60162, in payment of certain invoices submitted by Contractor A, including the six invoices referred to in paragraph 3 of Count One;

In violation of Title 18, United States Code, Sections 2, 1341, and 1346.

COUNT FOUR

The SPECIAL SEPTEMBER 2002 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates herein by reference the allegations in paragraphs 1 through 10 of Count One of this indictment.

2. On or about December 20, 2000, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHAEL SIMONE and
JEFFERY LAVERY,

defendants herein, for the purpose of executing the scheme described in Count One, and attempting to do so, knowingly caused a $118,134.50 check to be delivered by mail, according to the direction thereon, from the offices of Tishman Speyer at 520 Madison Avenue, New York, New York 10022, to the offices of Contractor B at 318 West Adams Street, 11th Floor, Chicago, Illinois 60606, in payment of certain invoices submitted by Contractor B, including the $85,463 invoice referred to in paragraph 5 of Count One;

In violation of Title 18, United States Code, Sections 2, 1341, and 1346.

COUNT FIVE

The SPECIAL SEPTEMBER 2002 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates herein by reference the allegations in paragraphs 1 through 10 of Count One of this indictment.

2. On or about December 26, 2000, at Lombard, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHAEL SIMONE and
JEFFERY LAVERY,

defendants herein, for the purpose of executing the scheme described in Count One, and attempting to do so, knowingly caused a $35,330 check to be delivered by mail, according to the direction thereon, from the offices of Contractor A at 4150 Litt Drive, Hillside, Illinois 60162, to the offices of Advanced Fire at 1148 North Main Street, Lombard, Illinois 60148, in payment of the invoice submitted by Advanced Fire as described in paragraph 4 of Count One;

In violation of Title 18, United States Code, Sections 2, 1341, and 1346.

COUNT SIX

The SPECIAL SEPTEMBER 2002 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates herein by reference the allegations in paragraphs 1 through 10 of Count One of this indictment.

2. On or about April 27, 2001, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHAEL SIMONE and
JEFFERY LAVERY,

defendants herein, for the purpose of executing the scheme described in Count One, and attempting to do so, knowingly caused a package to be delivered by FedEx, a commercial interstate carrier, according to the direction thereon, from the offices of Tishman Speyer at 500 West Monroe Street, Suite 2700, Chicago, Illinois 60661, to the offices of Tishman Speyer at 520 Madison Avenue, New York, New York 10022, which package contained an invoice from Contractor B, seeking payment from Tishman Speyer in the amount of $64,871;

In violation of Title 18, United States Code, Sections 2, 1341, and 1346.

COUNT SEVEN

The SPECIAL SEPTEMBER 2002 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates herein by reference the allegations in paragraphs 1 through 10 of Count One of this indictment.

2. On or about June 1, 2001, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

MICHAEL SIMONE and
JEFFERY LAVERY,

defendants herein, for the purpose of executing the scheme described in Count One, and attempting to do so, knowingly caused a $254,976.70 check to be delivered by mail, according to the direction thereon, from the offices of Tishman Speyer at 520 Madison Avenue, New York, New York 10022, to the offices of Contractor B at 318 West Adams Street, 11th Floor, Chicago, Illinois 60606, in payment of certain invoices submitted by Contractor B, including the $64,871 invoice referred to in paragraph 7 of Count One;

In violation of Title 18, United States Code, Sections 2, 1341, and 1346.

A TRUE BILL:

FOREPERSON

UNITED STATES ATTORNEY

No. ______________

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

vs.

MICHAEL SIMONE and JEFFERY LAVERY

INDICTMENT

Violations: Title 18, United States Code, Sections 2, 1341, and 1346

A true bill,

[signature]
Foreman

Filed in open court this 18th day

of February, A.D. 2004

MICHAEL W. DOBBINS
Clerk

by, [signature], deputy clerk

Bail, $ ______________